IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:16CR200 |
| | ) | |
| Plaintiff, | ) | JUDGE: CHRISTOPHER A. BOYKO |
| -vs- | ) | |
| | ) | |
| BRANDON WAGNER | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| Defendants. | ) | |

NOW COMES the Defendant, Brandon Wagner, by and through the undersigned legal counsel, Rodger A. Pelagalli Co., L.P.A., and provides this Sentencing Memorandum. Defendant respectfully requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of U.S.C. § 3553. Defendant believes the appropriate sentencing guideline range is 120-150. A more thorough explanation of this request is set forth in the attached Memorandum in Support.

Respectfully Submitted,

/s/ Rodger A. Pelagalli
RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
6659 Pearl Road, Suite 401
Parma Hts., Ohio  44130
(440) 845-3030 (phone)
(440) 845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, a copy of the foregoing Sentencing Memorandum was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully Submitted,

*/s/ Rodger A. Pelagalli*
RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
6659 Pearl Road, Suite 401
Parma Hts., Ohio 44130
(440) 845-3030 (phone)
(440) 845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

## MEMORANDUM

On 6-15-2016, indictment was filed against Brandon Wagner charging him with Disturbution of a Schedule I controlled substance/use of communication facility to facilitate acts constituting a felony, in violation of Title 21 U.S.C., Sections 841(a)(1)and(b)(1)(C)/Title 21, United States Code, Section 841(a)(1),Title 21, United States Code, Section 843(b). An enhanced penalty under 21 U.S.C. § 841 (b) (1) (C) due to an individual fatally ingesting and overdosing on the heroin distributed by the defendant. On 11-17-2016, Brandon Wagner pled guilty to Counts 1 and 2 of the Indictment and entered into a Plea Agreement with the government. The case was referred to probation and a report was prepared on 1-18-17 and revised on 2-28-17 (hereinafter, "PSI").

Under the 2013 United States Guidelines Manual (hereinafter "USSG") USSG §1B1.11, a Base Offense Level of 12 for a violation of Title 21 U.S.C. Subsection 841(a) (1) and (b) (1) (C), Title 21 U.S.C. Subsection 843(b). The PSI lists a total offense level as 40 and criminal history category of IV for a sentencing range of 360-life. The defendant asserts that the appropriate application of the sentencing guidelines in this matter would require this Court to commence at an offense level of 12 and given the career mandatory sentence said offense level would drop to a 32 which would also include the mandatory minimum sentence of 240 months. The Defendant has accepted responsibility in this matter and pursuant to USSG § 3E1.1 (a), the offense level is thus reduced by 2. In addition, the government has expressed its intention that it will motion the Court for 1 additional level reduction, pursuant to USSG § 3E1.1 (b). Next, pursuant to the Plea Agreement, and USSG § 2D1.1 (b) (11) an additional reduction of 3 should be determined, as argued below. Given each of the reductions the defendant asserts that his adjusted criminal offense level should be 26.

The Defendant's criminal history category score is calculated by the government to be Category V due to his criminal history points of 11. Defendant asserts his Criminal History Category is VI, due to the 240 month mandatory sentence. Thus, the adjusted Sentencing Guideline range for Brandon Wagner is 120-150 due to his acceptance, self-surrender, etc. .

Prior to sentencing, the Defendant respectfully requests that the Court consider several factors. The Defendant accepted responsibility for his actions, cooperated with and offered substantial assistance to the government in this matter. In addition, Brandon Wagner's criminal history is overrepresented and does not accurately depict the Defendant's criminal history.

The Court should evaluate the factors listed in 18 U.S.C.A. § 3553(a) to determine a reasonable sentence for the Defendant. The Court must consider the following per 18 U.S.C.A. § 3553(a); the nature and circumstances of the offense and the history of the Defendant; the need for the sentence imposed (considering seriousness of offense, deterrence, protecting the public, providing the Defendant with needed treatment in the most effective manner); the types of sentences available; sentencing ranges; policy statements issued by the Sentencing Commission; need to avoid unwarranted sentencing disparities; and restitution to the victim of the offense. 18 U.S.C.S. § 3553(a) (2008).

First, looking at the nature and circumstances of the current offense and the history of the Defendant, the Court should evaluate several factors. The Defendant accepted responsibility for his actions, and cooperated with and offered assistance to the government in this matter. The Defendant timely gave notice to the government of his intent to plead guilty to the indictment. The Defendant understands the seriousness of the crime he has committed and expresses his sincere remorse and apology. Brandon Wagner was involved in the current offense due to his lifelong addiction to heroin. Brandon Wagner respectfully requests this Honorable Court

consider his addiction and his attempt to overcome same along with his cooperation timely notification of his intent to plead guilty when determining an appropriate sentence for Brandon Wagner.

As this Court is well aware, heroin use and abuse has become epidemic in the United States and unfortunately to the State of Ohio. On September 21, 2016 Statenew.com published a story authored by Casey Ross describing how one Ohio town, East Liverpool, Ohio, has been etched in the nations memory for the "opioid crisis" (See, Exhibit A attached to and incorporated herein by reference.) Said article surrounds the, at the time controversial, publication of an image of overdosed adults with a child sitting in the back seat of the families vehicle published by the East Liverpool Police on its Facebook page. Sadly, the article describes all to realistically the scourge upon our state and the use and abuse of heroin. Indeed, most telling are the comments by individuals about the article particularly from "Jpop" on December 20, 2016.

> "I have been using for 5 years and have overdosed more times than I can count, but because I love the feeling I just keep using. I have lost 14 friends that died from it but it has not stopped me yet. Went to 16 different treatment centers but still out here because I love doing it and it takes the pain away. Treatment centers work but you gotta want to quit and I don't."

The defendant does not point fingers at anyone for his liability in this matter but himself. Indeed, the young man who used the drugs and passed away was a friend of the defendant. He carries the responsibility of this young man's death with him for the rest of his life. And while he cannot assuage the horrific loss to Corey's mother, family, and friends and he also cannot change places with Corey, all he can do is what he has done to date accept responsibility for his actions provide assistance to others in dealing with addiction and carrying Corey in his heart and mind for the rest of his life.

Indeed, the defendant wishes to apologize not only to this Court, law enforcement, and his community but most specifically to Corey's grieving mother, family, and friends.

As this Honorable Court reviews the circumstances of the current offense and the history of the defendant it is also important to note the veracity with which Brandon Wagner has approached this charge, his responsibility for it, and his desire to pay his debt to society. By that, Brandon means to suggest to this Court that while words can be said easily, actions certainly speak louder. By way of example, the defendant would note that at a point in time while he was facing this justice having plead guilty to these charges and understanding that he was facing a lengthy sentence, he had an opportunity to attempt to avoid this sentence when he was released by state authorities after appearing before a state court on separate state charges. That is, while on pre-trial detention with this Honorable Court and being housed at CCA in Hubbard, Ohio, he was transferred by state authorities to the Cuyahoga County Common Pleas Court. He was to make an appearance on a prior state matter which he in fact did so appear. At the end of that hearing, it was suggested that he was then to be released. He informed his legal counsel and the court that he was on an order with the Federal District Court for a pre-trial detention on this matter. Regardless, when he was returned to the jail facility he was subsequently released to the street. Now, given the weight of the anticipated sentence against him, Brandon was faced with several choices. The first of course was to attempt to flee, that is to run away from the matters which we are here today for to wit: sentencing. He was aware at that time that he had familial connections in both the transportation industry and in the country of Jamaica. He did not make this choice. Next, he could of chosen to take a walk approximately two to three streets away from downtown Cleveland and seek drugs, he didn't make this choice. A third option, was the option that he took and that was to communicate with his mother to get transportation out of

downtown Cleveland and to speak with his legal counsel about the circumstances. This counsel can represent to this Honorable Court that Brandon communicated with him exactly what occurred and that he agreed that given his stance in this case, one of a penitent man looking to correct problems in his life, he would self-surrender back to the U.S. Marshal immediately. Which is exactly what he did within a day of his erroneous release. Indeed, these actions speak volumes to the character of Brandon Wagner as he faces certain imprisonment for a long period of time. This action speaks to his desire to continue on the path to stand up to the wrong that he has committed and deal with the issues in his life that have plagued him specifically his drug addiction. This action is proof to this Court that Brandon is taking the first steps to being the man he believes he can be and in fact wants to be. Brandon asks that this Honorable Court consider this matter along with the other information contained in the Pretrial Sentencing Report as well as this memorandum.

    The second factor to be evaluated by the Court is to assess the need for the sentence imposed.  The Defendant acknowledges the seriousness of his action and understands the extensive incarceration he is facing. He has not made a consistent wage, but has helped out with his family when he could.  The Defendant request that this Court consider the Defendant's attempts to maintain gainful employment as a testament to his desire to refrain from illegal conduct and to remain a productive citizen.

    In addition, the Defendant requests this Court to consider the overrepresentation of his criminal history listed with the PSI.  According to said report, Brandon Wagner has a total of 11 criminal history points due to 9 pts and 2 additional points as this offense occurred for a prior sentence for trafficking. For 6 prior convictions dealing primarily with drugs. Brandon Wagner does not believe that these incidents properly represent his lack of criminal involvement

throughout his 43 years. During the majority of his life, he has been a law-abiding citizen and refrained from criminal conduct. While not a perfect background, the Defendant believes his prior convictions for drug related crimes in municipal court overrepresent the amount of criminal activity Brandon Wagner has been involved with throughout his lifetime. The Defendant respectfully requests this Court to consider the limited criminal history when determining an appropriate sentence. Indeed, his prior record reveals one who is a drug addict and not a violent offender.

Regarding the third and fourth factors of § 3553(a), the Court should review the kinds of sentences available. As noted above, Defendant requests this Court to consider a sentence that is sufficient but not greater than necessary to fulfill the requirements of 18 U.S.C. § 3553(a). The Defendant believes an appropriate sentencing range would be between120-150, if not lower, based upon the overrepresentation argument listed in the preceding paragraph. Defendant believes a sentence that includes a mixture of incarceration plus alternatives, which include conditions of therapy and supervised release, would be most effective in reducing the risk of recidivism.

Also attached are letters of character reference about Brandon Wagner. See, Exhibit B, attached hereto and incorporated herein by reference. (Where necessary, the letter was re-typed for ease of reading and the original is attached.)These letters offer this Honorable Court additional insight into who Brandon Wagner was before these charges. They clearly delineate his lifelong struggle with addiction from his family, friends, and people with whom he worked. These letters also illuminate that Brandon is not nor has been a violent person. Of course, that is not to undercut or take away from the terrible loss experienced by Corey's family as a result of the heroin provided by Brandon to him. But as this Honorable Court reviews these letters of

character reference it will also note the many times that Brandon has reached out to friends and others to help. Help them in something as mundane as getting a working bicycle for a physically challenged young girl, or providing toys to a neighbor who couldn't afford any. This Honorable Court will also discern from these letters the fact that Brandon has reached out to those who are similarly addicted and attempted to assist them by providing them encouragement, access to treatment, as well as use of his experience to help others. (See attached letters of character reference incorporated herein by reference and marked exhibit B.)

Brandon does not mean to represent to this Court or the community that he is a hero, indeed, he is not. The facts which give rise to his appearance before this Honorable Court today reveal his is a flawed man with a lifelong heroin addiction. Since the passing of Corey, Brandon has done what he can to right a wrong which can never be undone.

Finally, the Defendant requests this Court to recommend a drug treatment program to the Bureau of Prisons for this Defendant during his incarceration. The Defendant has admitted to having a drug problem with heroin for the majority of his life. Brandon Wagner admits he is addicted to drugs. For this reason, the Defendant requests this Honorable Court to make a recommendation to the Bureau of Prisons that the Defendant be allowed to participate in the 500 hour drug treatment program.

Defendant respectfully requests this Honorable Court to impose a sentence that is sufficient, but not greater than necessary, to fulfill the statutory requirements of § 3553(a). Brandon Wagner again offers his apologies and asserts his remorse to this Court and requests this Court to consider all the factors previously set forth in this Memorandum when determining an appropriate sentence. Finally, the Defendant requests this Honorable Court to make a

recommendation to the Bureau of Prisons that the Defendant be allowed to participate in the 500-hour drug treatment program.

The Defendant further respectfully requests that any time served since his arrest be credited against any sentence imposed hereon.

The Defendant respectfully requests that he be incarcerated as close to Cleveland, Ohio, in order to be closer to his family during the time of incarceration.

Respectfully Submitted,

RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
6659 Pearl Road, Suite 401
Parma Hts., Ohio 44130
(440) 845-3030 (phone)
(440) 845-3428 (fax)
RAPesq@aol.com

*Attorney for Defendant*

## DEFENDANT'S SENTENCING REQUEST

Defendant, Brandon Wagner respectfully requests that this Honorable Court issue a sentencing order, which includes the following:

1. A recommendation to the Bureau of Prisons that the Defendant be permitted to serve his term of incarceration at, a location close to Cleveland (facility), State of Ohio or the Elkton facility close to his family in Cleveland, Ohio where a vocational programs will benefit the Defendant and prepare him or productive participation in the society upon his release; and,

2. The Court gives full credit for all time served (since his Federal custody on June 14, 2016) and waive and discretionary fine and court costs because of his indigenizes; and,

3. A recommendation to the Bureau of Prisons that Brandon Wagner, the Defendant be examined by a licensed professional and treated for matters for his among several psychological conditions, hepatitis, drug addiction, and ulcer of his left leg; and,

4. A recommendation to the Bureau of Prisons that Brandon Wagner be permitted to participate in the 500 hour Residential Substance Abuse Treatment Program and other intensive programs for which he qualifies.

Respectfully Submitted,

RODGER A. PELAGALLI (0034530)
Rodger A. Pelagalli Co., L.P.A.
6659 Pearl Road, Suite 401
Parma Hts., Ohio 44130
(440) 845-3030 (phone)
RAPesq@aol.com
*Attorney for Defendant*